IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-07-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| GORDON LARRY AHENAKEW, JR., | |
| Defendant. | |

## I.  Synopsis

Defendant Gordon Larry Ahenakew Jr. (Ahenakew) has been accused of violating conditions of his supervised release. (Doc. 78). Ahenakew admitted some of the alleged violations. Ahenakew's supervised release should be revoked. Ahenakew should be sentenced to custody for a term of 4 months, with no period of supervised release to follow.

## II.  Status

Ahenakew plead guilty on May 18, 2018, to the offense of Assault Resulting in Serious Bodily Injury to Intimate and Dating Partner, in violation of 18 U.S.C. Sections 1153(a) and 113(a)(7) as charged in the Indictment. (Doc. 19).  Ahenakew

was sentenced to 15 months of custody followed by 24 months of supervised release. (Doc. 37). Ahenakew's current term of supervised release began on May 21, 2024.

**Petition**

On July 30, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Ahenakew's supervised release. (Doc. 78). The Petition alleged Ahenakew violated conditions of his supervised release by: (1) consuming alcohol on June 29, 2024; (2) failing to comply with substance abuse treatment requirements on July 17, 2024; (3) using methamphetamine on July 17, 2024; (4)) consuming alcohol during the period of July 17 through July 19, 2024 (5) consuming alcohol during the period of July 22 through July 24, 2024; (6) consuming alcohol on July 29, 2024; (7) violating a state crime by being charged with Obstructing a Peace Officer or Other Public Servant, in violation of Mont. Code Ann. § 45-7-302 on July 29, 2024; and by (8) failing to follow the instructions of his probation officer on July 25, 2024 to remain at home until his inpatient treatment bed date of July 30, 2024.

**Initial Appearance**

Ahenakew appeared before the Court on August 20, 2024. Ahenakew was represented by counsel. Ahenakew stated that he had read the Petition and that he understood the allegations against him. Ahenakew waived his right to a preliminary

hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on August 20, 2024. Ahenakew admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) consuming alcohol on June 29, 2024; (2) failing to comply with substance abuse treatment requirements on July 17, 2024; (3) using methamphetamine on July 17, 2024; (4) consuming alcohol during the period of July 17 through July 19, 2024; (6) consuming alcohol on July 29, 2024; and (8) failing to follow the instructions of his probation officer on July 25, 2024 to remain at home until his inpatient treatment bed date of July 30, 2024. Ahenakew denied allegations (5) consuming alcohol during the period of July 22 through July 24, 2024; and (7) violating a state crime by being charged with Obstructing a Peace Officer or Other Public Servant, in violation of Mont. Code Ann. § 45-7-302 on July 29, 2024. The Government moved to dismiss allegations (5) and (7), which the Court granted. Ahenakew's violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Ahenakew appeared before the Court on August 20, 2024. Ahenakew's violation is a Grade C violation. His criminal history category is II. Ahenakew's underlying offense is a Class D felony. Ahenakew could be incarcerated for up to

24 months. Ahenakew could be ordered to remain on supervised release for 12 months less any custody time.  The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.   Analysis

Ahenakew's supervised release should be revoked.  Ahenakew should be sentenced to custody for a term of 4 months, with no period of supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Ahenakew that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Ahenakew of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Ahenakew that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Ahenakew stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That GORDON LARRY AHENAKEW JR., has violated the conditions of his supervised release by: (1) consuming alcohol on June 29, 2024; (2) failing to comply with substance abuse treatment requirements on July 17, 2024; (3) using methamphetamine on July 17, 2024; (4)

consuming alcohol during the period of July 17 through July 19, 2024; (6) ) consuming alcohol on July 29, 2024; and (8) failing to follow the instructions of his probation officer on July 25, 2024 to remain at home until his inpatient treatment bed date of July 30, 2024.

The Court **RECOMMENDS:**

That the District Court revoke Ahenakew's supervised release and sentence Ahenakew to custody for a term of 4 months, with no period of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 22nd day of August 2024.

John Johnston
United States Magistrate Judge